**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1425-19T1

KLEIN OUTDOOR
ADVERTISING, INC.,

     Plaintiff-Appellant,

v.

CITY OF JERSEY CITY ZONING
BOARD OF ADJUSTMENT,

     Defendant-Respondent.

_____

Argued October 19, 2020 – Decided December 8, 2020

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0662-19.

Thomas A. Abbate argued the cause for appellant (DeCotiis, Fitzpatrick, Cole & Giblin, LLP, attorneys; Thomas A. Abbate, of counsel and on the briefs).

Vincent J. La Paglia argued the cause for respondent.

PER CURIAM

For the second time, we consider plaintiff's appeal from the trial court's order affirming defendant's decision which denied plaintiff's application seeking approval to construct a digital billboard on its property along the New Jersey Turnpike Extension in Jersey City. Because the court's decision was supported by the findings in the record, we affirm.

The facts and procedural history are detailed in our earlier opinion and need not be repeated here. Klein Outdoor Advert., Inc. v. City of Jersey City Zoning Bd. of Adjustment, No. A-2280-16 (App. Div. Oct. 2, 2018) (slip op. at 7). Because we concluded that the trial court made its own factual findings due to defendant's factually unsupported denial of plaintiff's application, we reversed and remanded to defendant "to comply with N.J.S.A. 40:55D-10(g) and make sufficient factual findings supporting its denial of plaintiff's application." Id. at 9.

On the second remand, defendant reaffirmed its decision in a resolution with supplemental findings of fact. These additional findings: critiqued the testimony of three of plaintiff's experts; provided reasons why defendant's planner was more persuasive than plaintiff's experts; asserted the proposed billboard could not meet the negative criteria because it would be an "eyesore on the scenic" New Jersey Turnpike; concluded that denying the use variance

would not be a hardship to plaintiff, a proposed tenant; stated plaintiff failed to establish the proposed billboard was not inconsistent with the intent and purpose of Jersey City's Master Plan; and held, for the reasons in defendant's planner's expert reports, the proposed billboard would be inconsistent with the intent and purpose of Jersey City's Master Plan. The resolution incorporated its supplemental findings of fact:

> 1. The findings contained in the Resolutions dated April 16, 2015 and July 21, 2016 are incorporated herein by reference.
>
> 2. The testimony of the Applicant's traffic engineer and opinion that, among other conclusions, the location was safe, did not present an undue distraction nor detract from the scenic corridor were rejected as not credible.
>
> 3. The testimony of the Applicant's professional planner and opinion that the use variance met the positive and negative criteria for approval was also rejected. Specifically, the Board rejected same as it found a billboard in this location would damage the scenic corridor protected in the City's Master Plan.
>
> 4. The testimony of the Applicant's real estate expert and opinion that the site was suited for a billboard was not determinative of the issue before the Board. The Board found there could be other more appropriate uses for the property.
>
> 5. The expert opinion expressed by the City's planner both in her two memos to the Board and her testimony before the Board [was] more persuasive and was adopted by the Board for, among other reasons, as more

fully set forth in the memos and the expert planner's testimony, that:

> (a)   No special reasons exist for the granting of this use variance as the use neither serves the public good nor did the Applicant prove an undue hardship nor did the use serve the general welfare; and

> (b)   That the use could not be granted without substantial detriment to the public good; and

> (c)   Moreover, the use variance here is inconsistent with the intent and purpose of the Master Plan and the Zoning Ordinance.

6.  Specifically, the billboard would be an eyesore on the scenic stretch of the highway and, therefore, cannot meet the negative criteria.

7.  No positive criteria can be found to justify the use variance as the City planner's expert report makes clear that a denial of this use variance would not prove to be a hardship on the Applicant, a proposed tenant of the site.

8.  The Master Plan calls for the preservation of the "scenic corridor" and the Applicant's proof has not demonstrated that the proposed use is not inconsistent with the intent and purpose of the Plan.

9.  The Board specifically finds as set forth in the City planner's expert reports and testimony that the Applicant's proposed use is inconsistent with the intent and purpose of the Master Plan.

A-1425-19T1

In a November 4, 2019 well-reasoned written decision, a different trial judge evaluated defendant's consideration of the expert testimony and analyzed Jersey City's Master Plan and the variance criteria. In reviewing the comments made by defendant's members, the court noted the members found the testimony of Jersey City's planner persuasive and rejected the testimony of plaintiff's experts. The judge stated:

> Each commissioner set forth his or her conclusion to deny the application and pointed to the expert testimony that they accepted, compared it to the expert testimony that they rejected and stated why by comparison. One or more of the board members referenced the basis of the expert's opinions and challenged that basis (i.e., the Route 22 study and the lack of full appreciation of the entire scenic viewway). Supplemental Finding Number 2 in the Resolution states that the applicant's traffic engineer's opinion regarding safety, undue distraction and lack of impact on the scenic corridor are "rejected a[s] []not credible." This finding is consistent with the statements of the board members on December 20, 2018.
>
> It cannot be said that the board members were arbitrary and capricious in their comparison and evaluation of the expert presentations nor can it be said that they blindly accepted the testimony of the City's planner as was prohibited in [Morris Cnty. Fair Hous. Council v. Boonton Twp., 228 N.J. Super. 635 (Law Div. 1988).]

In addressing the Master Plan, the judge noted that some board members found the proposed billboard would detract from the view, conflicting with the

Master Plan's intent and purpose to preserve such views. Recalling the Master Plan's specific prohibition against billboards along the New Jersey Turnpike Extension, the judge stated:

> Due consideration was given by the Board to the impact on the view and whether the proposed use would conflict with the master plan. The record supports the Board's conclusion that the proposed use would be contrary to the master plan in the form of the City[] planner's testimony about the obstructed view of the Bayonne skyline, and the spire for Saint Vincent De Paul Roman Catholic Church, a federal and state landmark. In light of this record this court finds that this portion of the Board's determination is sound and not arbitrary or capricious.

The judge disagreed with plaintiff's contention that defendant did not make any findings regarding plaintiff's economic inutility argument. She reasoned:

> Klein's position is that the Board did not make reasoned findings as to their economic inutility argument which is the basis for Klein's positive criteria or "special reasons" under the statute. Stated succinctly, Klein argues that the parcel is rendered useless for any permitted use, therefore, the highest and best use is as a site for a billboard. Indeed, special reasons may be found to exist when denial of the variance application would visit an undue hardship on the applicant or result in economic inutility of the property. Saddle Brook Realty, LLC v. Twp. of Saddle Brook Zoning Bd. of Adjustment, 388 N.J. Super. 67, 76 (App. Div. 2006). Supplemental Findings 5, 6 and 7 cite to absence of

proof of undue hardship, the goals of the master plan, [and] failure to meet negative criteria.

In this case, the Board argues against the economic inutility argument by reasoning that the hardship argument is not available to this applicant since it is dependent upon how the hardship or inutility was created. The Board cites the insufficiency of Klein's proofs to show that the hardship was not self-created. It is posited that without a complete record regarding how this irregularly shaped lot was created, Klein has a fatal failure of proof . . . . The Board asserts that, without evidence that the inutility was not created by the landowner, the hardship argument fails. It is on that basis that the positive criteria was evaluated against Klein.

It is well-settled that a "self-created hardship" nullifies any variance application based on a hardship under N.J.S.A. 40:55D-70(c). Egeland v. Zoning Bd. of Adjustment of the Twp. of Colts Neck, 405 N.J. Super. 329 ([App. Div. 2009]) . . . . Moreover, when an applicant presents to a local zoning board of adjustment with a hardship application, the fact that the applicant may not know or cannot establish the title history or trace the origin of the non-conforming aspect of the property (1) is not, in and of itself a hardship and (2) can be fatal to the application. . . .

        . . . .

In the instant case, Klein, through no fault of its own, cannot establish the manner in which an arguably utile piece of land was transformed into the triangular, small lot that exists today. Reasonable inferences allow a fact finder to conclude that the property was likely subdivided by prior owners. As such, . . . the Klein application was properly found ineligible for hardship

7

treatment due to an inadequate record. This court cannot find that determination to have been arbitrary or capricious.

In conclusion the trial court stated:

This court concludes that the Board duly considered the competing opinions of the experts who testified and made specific enough findings to support their conclusion to accept as credible the City's expert testimony over that of Klein's experts. Specifically, the Board found that Route 22 study inapposite to the road configuration on the Turnpike Extension, that there would be, by admission, obstructions to the entire viewway and that billboards are specifically mentioned in the master plan as prohibited in this scenic corridor. As to the adequacy of the Board's interpretation of the master plan, it is clear f[ro]m the transcripts that the master plan itself was read and considered and that deference to the master plan was paramount in the minds of the Board members. As to the Board's analysis of the positive and negative criteria, the issue of whether there was a self-created hardship was explored as long and as much as was possible given the evidence of prior condition of the property dating back to 1956. Under the decisional law cited by the Board's counsel herein, it cannot be said that the Board was unfounded in its determination that the issue of a self-created hardship was unresolved.

As to the "Supplemental Findings of Fact" on page three of the Resolution memorialized on January 24, 2019, all but Number 4 appear to be supported by the record. This court is unable to determine the soundness of the finding that "there could be other more appropriate uses for the property." This being the sole discrepancy in the Resolution, it hardly warrants a further remand in light of this court's ruling that there

8

was insufficient evidence presented to support a hardship finding in the first instance.

In the present appeal, plaintiff contends the trial court: (1) misinterpreted the scope of the remand and applied the wrong standard of review; (2) misapplied the positive criteria by wholly ignoring the demonstration of special reasons to grant the use variance; (3) erred in its analysis of the detriment to Jersey City's Master Plan scenic corridor policy; and (4) erroneously accepted defendant's rejection of the traffic safety testimony.  We are unpersuaded by these arguments.

Our scope of review, like the trial court, is to "defer to the local land-use agency's broad discretion and to reverse only if . . . its decision [was] . . . arbitrary, capricious, or unreasonable."  Bressman v. Gash, 131 N.J. 517, 529 (1993) (citing Charlie Brown v. Bd. of Adjustment, 202 N.J. Super. 312, 321 (App. Div. 1985)).  "Because variances should be granted sparingly and with great caution, courts must give greater deference to a variance denial than to a grant."  N.Y. SMSA, L.P. v. Bd. of Adjustment of Twp. of Weehawken, 370 N.J. Super. 319, 331 (App. Div. 2004) (citing Nynex Mobile Commc'ns Co. v. Hazlet Twp. Zoning Bd. of Adjustment, 276 N.J. Super. 598, 609 (App. Div. 1994)).

Under N.J.S.A. 40:55D-10(g), municipal zoning boards must "include findings of fact and conclusions based thereon in each decision on any application for development and shall reduce the decision to writing." "The factual findings set forth in a resolution cannot consist of a mere recital of testimony or conclusory statements couched in statutory language." N.Y. SMSA, L.P., 370 N.J. Super. at 332-33 (citing Harrington Glen, Inc. v. Bd. of Adjustment of Leonia, 52 N.J. 22, 28 (1968)). "Rather, the resolution must contain sufficient findings, based on the proofs submitted, to satisfy a reviewing court that the board has analyzed the applicant's variance request in accordance with the statute and in light of the municipality's master plan and zoning ordinances." Id. at 333 (citing Medici v. BPR Co., 107 N.J. 1, 23 (1987)). "While remarks made by individual Board members during the course of hearings may be useful in interpreting ambiguous language in a resolution, they are not a substitute for the formality mandated by N.J.S.A. 40:55D-10(g)." Ibid.

Initially, plaintiff alleges the trial court made two errors that require reversal of its decision. First, plaintiff contends the judge misinterpreted the scope of its review because she stated she was not going to decide the case "because the Appellate Division has said that the only remedy is a remand." Second, in her order affirming defendant's decision, plaintiff contends the trial

10

judge improperly bolstered the Board's deficient resolution by quoting statements of individual board members during deliberations that were never incorporated into the resolution.

Whether the trial judge misspoke regarding her role in reviewing defendant's third resolution is of no import. The judge was well aware her review required a determination of the sufficiency of defendant's factual findings and whether the resolution was arbitrary, capricious or unreasonable. And that is the review she conducted. If there was any misapprehension, it was of no moment when the judge found defendant made sufficient findings and its decision was not arbitrary, capricious, or unreasonable.

We are also unconvinced by plaintiff's argument that the trial court improperly "bolstered" defendant's "insufficient" resolution by relying upon defendant's members' individual statements. Although the court referred to the members' individual comments and reasons, a reading of the court's conclusion reveals its decision rested on defendant's specific supplemental findings of fact incorporated into the resolution, and not on the board members' comments.

Moreover, the resolution was not merely "conclusory" as asserted by defendant. It was more substantial and detailed than the July 2016 resolution. As stated, the resolution critiqued the testimony of three of plaintiff's experts;

provided reasons why Jersey City's planner was more persuasive than plaintiff's experts; asserted the proposed billboard could not meet the negative criteria because it would be an "eyesore on the scenic" New Jersey Turnpike; concluded that denying the use variance would not be a hardship to plaintiff, a proposed tenant; stated plaintiff failed to establish the proposed billboard was not inconsistent with the intent and purpose of Jersey City's Master Plan; and held, for the reasons stated in Jersey City's planner's expert reports, the proposed billboard would be inconsistent with the intent and purpose of Jersey City's Master Plan. We are satisfied the resolution adequately "analyzed [plaintiff's] . . . variance request in accordance with the statute and in light of the municipality's master plan and zoning ordinances." N.Y. SMSA, L.P., 370 N.J. Super. at 333 (citing Medici, 107 N.J. at 23).

Turning to defendant's remaining arguments, we find them without merit. In the supplemental findings of fact in the third resolution, defendant addressed and rejected plaintiff's professional planner's opinion that the use variance met the positive and negative criteria. The resolution stated that granting the application and permitting the construction of a proposed billboard would damage the scenic corridor protected in the Master Plan and would be a "substantial detriment to the public good."

Plaintiff also reiterates its argument that it offered sufficient proofs of hardship and economic inutility. However, as found by the trial court, the record is devoid of evidence concerning the creation of the property as it exists today. Therefore, the property is not eligible for hardship status.

To the extent we have not already discussed them specifically, defendant's remaining arguments lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION